# IN THE COURT OF APPEALS OF IOWA

No. 19-0170
Filed April 3, 2019

**IN THE INTEREST OF A.P.,**
**Minor Child,**

**A.M., Mother,**
     Appellant,

**L.P., Father,**
     Appellant.

_____

Appeal from the Iowa District Court for Johnson County, Jason A. Burns, District Associate Judge.

A mother and a father separately appeal the termination of their parental rights to their child. **AFFIRMED ON BOTH APPEALS.**

Rachel Antonuccio of Iowa City Public Defender's Office, Iowa City, for appellant mother.

John J. Bishop, Cedar Rapids, for appellant father.

Thomas J. Miller, Attorney General, and Kathryn K. Lang, Assistant Attorney General, for appellee State.

Anthony A. Haughton of Linn County Advocate, Inc., Cedar Rapids, attorney guardian ad litem for minor child.

Considered by Doyle, P.J., Mullins, J., and Danilson, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2019).

**DOYLE, Presiding Judge.**

A mother and a father separately appeal the termination of their parental rights to their child. They each challenge the sufficiency of the evidence proving the grounds for termination. The mother also contends the State failed to make reasonable efforts to return the child to her care and asks us to apply one of the exceptions to the termination statute to avoid termination of her parental rights. The father contends termination of his parental rights is contrary to the child's best interests. We review their claims de novo. *See In re A.S.*, 906 N.W.2d 467, 472 (Iowa 2018).

The child was born in 2017 and required hospitalization for the first months of life because of medical conditions associated with premature birth. Ongoing specialized medical treatment is required for the child's chronic medical conditions. Following concerns about their ability to care for the child, the parents consented to the child's placement in foster care upon discharge and stipulated to a child-in-need-of-assistance (CINA) adjudication.

The Iowa Department of Human Services (DHS) provided services to the parents to help them learn how to provide the necessary care for the child and the child's medical conditions. After six months, the juvenile court granted the parents additional time to have the child returned to their care, finding a reasonable likelihood that the need for the child's removal would no longer exist at the end of that period. However, the concerns that led to the child's removal continued, and the State petitioned to terminate parental rights. After a termination hearing, the court ordered the DHS to provide the parents extended visits with the child to allow the parents the opportunity to demonstrate they could care for the child and provide

for the child's medical needs, and it reopened the termination record to include information learned during the extended visits. Ultimately, the juvenile court terminated both the mother's and the father's parental rights pursuant to Iowa Code section 232.116(1)(h) (2018).

Both the mother and the father challenge the sufficiency of the evidence establishing the grounds for terminating their parental rights. In order to terminate under Iowa Code section 232.116(1)(h), the State must prove the following by clear and convincing evidence:

> (1) The child is three years of age or younger.
> (2) The child has been adjudicated a child in need of assistance pursuant to section 232.96.
> (3) The child has been removed from the physical custody of the child's parents for at least six months of the last twelve months, or for the last six consecutive months and any trial period at home has been less than thirty days.
> (4) There is clear and convincing evidence that the child cannot be returned to the custody of the child's parents as provided in section 232.102 at the present time.

There is no dispute that the State proved the first three elements of this section. Instead, each parent argues that the State failed to prove the child could not be returned at the time of the termination hearing. *See* Iowa Code § 232.116(1)(h)(4); *In re D.W.*, 791 N.W.2d 703, 707 (Iowa 2010) (interpreting the term "at the present time" to mean "at the time of the termination hearing").

Clear and convincing evidence establishes that the child cannot be returned to either parent's care for the reasons set forth by the juvenile court in its thorough and well-written termination order.[1] The juvenile court observed:

---

[1] Although not required to do so, the juvenile court included footnotes in its termination order to identify precisely which evidence it relied on in making its findings. Because the

> The parents' struggles persist, even though they are not currently employed and appear to have no other responsibilities except for care of each other and [the child]. While both parents claim that they are ready and able to care for [the child], they acknowledge that they have struggled with their parental responsibilities. When visits were increased to two consecutive overnight visits, both parents complained that the back-to-back nights were "too overwhelming." For more than a year after [the child] was released from the hospital, the parents were rarely involved in his medical appointments. Those appointments were missed for various reasons, including the claim that the parents were "too busy and stressful," oversleeping, and the inability to keep track of regular appointments.

(Footnotes omitted.) Both the mother's and the father's mental health prevents each from providing the level of care that this child with specialized medical needs requires. Returning the child to either parent's care would expose the child to harm requiring a CINA adjudication. *See In re M.S.*, 889 N.W.2d 675, 680 (Iowa Ct. App. 2016) ("[A] child cannot be returned to the custody of the child's parent under section 232.102 if by doing so the child would be exposed to any harm amounting to a new child in need of assistance adjudication." (alteration in original) (citation omitted)).

Part and parcel of the finding that the child cannot be returned to the parent's care is the requirement that the DHS makes reasonable efforts to return the child to the home. *See* Iowa Code § 232.102(9) (requiring the DHS to "make every reasonable effort to return the child to the child's home as quickly as possible consistent with the best interests of the child"); *In re C.B.*, 611 N.W.2d 489, 493 (Iowa 2000) (noting that "the scope of the efforts by the DHS to reunify parent and child after removal impacts the burden of proving those elements of termination

---

electronic record provided to us on appeal can be difficult to navigate, we found these record citations to be especially helpful in aiding our review.

which require reunification efforts"). Although the juvenile court extended the time afforded to the parents and ordered extended visits following the termination hearing to allow the parents the opportunity to prove their capabilities, the child could not be returned safely to either parent's care eighteen months after the CINA adjudication. The State has met its burden of proof with regard to section 232.116(1)(h)(4).

The father argues the State failed to prove that termination is in the child's best interests. *See D.W.*, 791 N.W.2d at 706-07 ("If a ground for termination is established, the court must, secondly, apply the best-interest framework set out in section 232.116(2) to decide if the grounds for termination should result in a termination of parental rights."). In making this determination, our primary considerations are "the child's safety," "the best placement for furthering the long-term nurturing and growth of the child," and "the physical, mental, and emotional condition and needs of the child." *In re P.L.*, 778 N.W.2d 33, 37 (Iowa 2010) (quoting Iowa Code § 232.116(2)). The "defining elements in a child's best interest" are the child's safety and "need for a permanent home." *In re H.S.*, 805 N.W.2d 737, 748 (Iowa 2011) (citation omitted).

The child's best interests require termination. At the time of termination, over eighteen months had passed since the child's removal and CINA adjudication. Despite the services offered by the DHS, the child could not be returned safely to the home. Although the law requires a "full measure of patience with troubled parents who attempt to remedy a lack of parenting skills," this patience has been built into the statutory scheme of chapter 232. *C.B.*, 611 N.W.2d at 494. Once the grounds for termination have been proved, time is of the essence. *See In re A.C.*,

415 N.W.2d 609, 614 (Iowa 1987) ("It is unnecessary to take from the children's future any more than is demanded by statute. Stated otherwise, plans which extend the [statutory] period during which parents attempt to become adequate in parenting skills should be viewed with a sense of urgency."); *see also In re R.J.*, 436 N.W.2d 630, 636 (Iowa 1989) (noting that once the time period for reunification set by the legislature has expired, "patience on behalf of the parent can quickly translate into intolerable hardship for the children"). Termination is permitted under Iowa Code section 232.116(1)(h) when the child has been out of a parent's care for six consecutive months. After six months, the juvenile court granted the parents an additional six months. When the child could not be returned to either parent's care at the end of the extension, the State filed a termination petition. Although the court delayed ruling after the termination hearing to afford the parents extended visits to prove their ability to provide a safe home for the child, the parents were unable to do so. Children are not equipped with pause buttons, and denying a child permanency in favor of a parent is contrary to the child's best interests. Termination is necessary to afford the child the opportunity for the permanent, safe home that the parents have been unable to provide.

For the same reasons we find termination is in the child's best interests, we decline the mother's request that we apply one of the exceptions to the termination statute and grant her another six-month extension of time. The mother argues that terminating her parental rights would be detrimental to the child due to the closeness of the parent-child relationship. *See* Iowa Code § 232.116(3)(c). However, the record shows that the mother was largely absent while the child was hospitalized during the first three months of life. Once discharged, the child was

placed in foster care. The child has remained in that placement throughout the CINA proceedings and has never been in the mother's care. The record does not support the mother's claim.

Because the grounds for termination have been proved by clear and convincing evidence, termination is in the child's best interests, and none of the exceptions to the termination statute apply, we affirm the termination of the mother's and the father's parental rights.

**AFFIRMED ON BOTH APPEALS.**

Mullins, J., concurs; Danilson, S.J., dissents.

**DANILSON, Senior Judge** (dissenting).

I respectfully dissent. I believe the evidence falls short of clear and convincing proof that the child could not be returned home to the parents. Initially, the parents struggled to attend to the child's special needs but they had progressed to four overnights per week without any significant incident prior to the termination hearing. I would reverse.